# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| EDDIE LEE STRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CV-567 |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the court **DISMISSES**, pursuant to Section 1915A, the Indiana Department of Correction, the Indiana State Prison, the Correctional Medical Services, defendants Donahue and Buss, and the plaintiff's official capacity damage claims. The court allows the plaintiff to proceed against defendants Abraham, Mitcheff, Myers, and Nicole in their personal capacities for damages, and in their official capacities for injunctive relief, on the plaintiff's Eighth Amendment claim of denial of medical treatment for a serious medical need, and on his supplemental state law claim.

BACKGROUND

Eddie Stringer, a prisoner confined at the Indiana State Prison ("ISP"), filed a complaint, and an amended complaint, in the LaPorte Circuit Court, pursuant to Indiana Code § 34-13-3-1 *et*

*seq.*, alleging denial of treatment for a hernia. In the body of his amended complaint, Stringer presented a lengthy analysis of his claim under the United States Constitution's Eighth Amendment, establishing that he also intended to pursue federal law claims as well as his state tort law remedy. The defendants removed the amended complaint to this court pursuant to 28 U.S.C. §§ 1441 and 1446.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Because Stringer is a prisoner as defined in § 1915A(c) and the defendants he seeks redress from are governmental entities or officials, § 1915A requires the court to screen his amended complaint, even though he originally filed it in state court.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. The court applies the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

2

> detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

The plaintiff's federal claims arise under 42 U.S.C. § 1983 which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42

(1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Stringer's amended complaint lists six defendants, Indiana Department of Correction ("IDOC") Commissioner J. David Donahue, ISP Superintendent Ed Buss, ISP Counselor Abraham, and Correctional Medical Services employees Dr. Michael Mitcheff, M.D., Dr. Gerald Myers, M.D., and Nurse Nicole. (DE #2, amended complaint, at p. 2). The docket also lists the Indiana Department of Correction, the Indiana State Prison, and Correctional Medical Services as defendants. The court will dismiss these entities because the amended complaint does not name them as defendants and because they are not proper defendants in a claim brought under 42 U.S.C. § 1983.

The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizens own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Indiana Department of Correction and the Indiana State Prison

4

as well as to the State itself. *Kashani v. Purdue University*, 813 F.2d. 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but Indiana hasn't done so. *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Accordingly, Stringer could not proceed against the Indiana Department of Correction and the Indiana State Prison in this court even if he had wished to do so.

Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Stringer could not sue Correctional Medical Services, as the employer of defendants Mitcheff, Myers, Nicole in a § 1983 action using the doctrine of *respondeat superior* even if he wished to do so.

Stringer seeks to sue the defendants for damages in their official capacities. He may sue the defendant state officials for

damages in their individual capacities, but the Eleventh Amendment precludes an action against them for damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Meadows v. State of Indiana*, 854 F.2d at 1069. Moreover, state officials, in their official capacities, are not "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

The amended complaint names IDOC Commissioner J. David Donahue and ISP Superintendent Ed Buss as defendants. Senior prison administrators are presumptively not personally involved in medical treatment decisions made for individual prisoners. *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981) (prison superintendent not personally involved in day-to-day operation of the institutional hospital, and not responsible for treatment decisions). Defendants Donahue and Buss are senior corrections officials, and Stringer does not allege that they were personally involved in the treatment decisions he asserts violated his Federally protected rights. Accordingly, the court will dismiss these defendants for lack of personal involvement.

Sringer alleges that the remaining defendants denied him treatment for a painful groin hernia. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of

6

life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Eighth Amendment principles prohibit prison officials "from intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Gil v. Reed*, 381 F.3d 649, 664 (7th Cir. 2004).

Deliberate indifference is comparable to criminal recklessness, *Farmer v. Brennan*, 511 U.S. at 837, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), citing *McGill v. Duckworth*, 944 F.2d at 347. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1986). Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994). "To state a claim under the

7

Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Stringer the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim that he was denied adequate medical treatment under the standards set forth in *Estelle v. Gamble*.

Finally, Stringer's amended complaint in state court was based on alleged violations of state law. Pursuant to 28 U.S.C. § 1367, which codified the pendent jurisdiction doctrine, federal courts, unless otherwise provided by statute, "have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." Accordingly, Stringer may also pursue his state law tort claims against defendants Abraham, Mitcheff, Myers, and Nicole to the extent that he meets the procedural prerequisites established by state statute to bring such claims.

CONCLUSION

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Abraham, Mitcheff, Myers, and Nicole in their personal capacities for damages, and in their official capacities for injunctive relief, on the plaintiff's Eighth Amendment denial of medical treatment for a serious medical need claim and on his supplemental state law claim against them;

(2) **DISMISSES** pursuant to 28 U.S.C. § 1915A(b)(1), the Indiana Department of Correction, the Indiana State Prison, the Correctional Medical Services, defendants J. David Donahue and Ed Buss, the plaintiff's official capacity damage claims, and all other claims; and

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants Abraham, Mitcheff, Myers, and Nicole respond to the amended complaint as provided for in the Federal Rules of Civil Procedure.

**DATED: January 13, 2009**        /S/RUDY LOZANO, Judge
                                           **United States District Court**