**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| EDDIE LEE STRINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:08-CV-567 |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons stated below, the court **DISMISSES** Defendant Debbie Abram[1] from this cause of action for failure to state a claim upon which relief can be granted.

BACKGROUND

Eddie Stringer filed a complaint, and an amended complaint, in the LaPorte Circuit Court, pursuant to Indiana Code § 34-13-3-1 *et seq.*, alleging denial of treatment for a hernia at the Indiana State Prison. The defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. The court screened the amended complaint pursuant to 28 U.S.C. § 1915A(a), dismissed several Defendants, and allowed Stringer leave to proceed against Defendants Debbie Abram, Dr. Michael Mitcheff, DO, Dr. Gerald

---

[1] The amended complaint named this defendant as "Counselor Abrahms," but she has notified the court that the correct spelling of her name is Abram.

Myers, MD, and Nurse Nicole Holloway on his Eighth Amendment denial of medical treatment for a serious medical need claim and on his supplemental state law claim.

DISCUSSION

After a complaint is filed, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to *sua sponte* dismiss a claim presented by a prisoner at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

When it screened the amended complaint, the court construed it as asserting that Counselor Abram was involved in the denial of medical treatment to Stringer at the Indiana State Prison. But after reviewing the amended complaint to deal with the Plaintiff's motion for a temporary restraining order, the court has now determined that Stringer did not allege that Counselor Abram was involved in his medical treatment; rather he alleges that she did not properly process institutional grievances and complaints Stringer filed about his medical treatment.

According to the amended complaint:

Counselor Abrahms (sic) failed to process all grievances and complaints presented to him (sic) by the Plaintiff as Plaintiff has continuously complained about the lack of proper and timely medical services for his groin hernia.

Amended Complaint at p. 5.

The amended complaint does not allege that Counselor Abram had any involvement in Stringer's treatment. Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Stringer's allegation that Counselor Abram did not properly deal with his grievances state no claim upon which relief can be granted. That a prison official ignores or denies a prisoner's grievance does not violate the prisoner's federally protected rights. *Wilson v. VanNatta*, 291 F.Supp.2d 811, 819 (N.D.Ind. 2003). "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative

complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted). Denying a grievance or even failure to investigate a prisoner's complaints does not make an official liable for damages under § 1983.

CONCLUSION

For the foregoing reasons, the Court **DISMISSES** defendant Debbie Abram pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DATED: January 23, 2008**          **/S/RUDY LOZANO, Judge**
                                               **United States District Court**