# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

EDDIE LEE STRINGER,     )
            )
Plaintiff,       )
            )
  vs.        )  CAUSE NO. 3:08-CV-567
            )
INDIANA DEPARTMENT OF   )
CORRECTION, *et al.,*    )
            )
Defendants.      )

## OPINION AND ORDER

This matter is before the Court *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the question of whether the Plaintiff's injunctive relief claims are now moot. For the reasons set forth below, the Court, pursuant to Section 1915(e)(2)(B)(ii), **DISMISSES** the Plaintiff's injunctive relief claims as moot.


BACKGROUND

Plaintiff Eddie Stringer filed a complaint and amended complaint in the LaPorte Circuit Court, while he was a prisoner confined at the Indiana State Prison, alleging denial of treatment for a hernia. The Defendants removed the amended complaint to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

The Court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed some Defendants and claims, and granted the Plaintiff leave to proceed against Defendants Abraham, Mitcheff, Myers, and Nicole in their personal capacities for damages, and in

their official capacities for injunctive relief, on the Plaintiff's Eighth Amendment denial of medical treatment for a serious medical need claim and on his supplemental state law claim against them. The Plaintiff has now advised the court that he has been released from custody and that he now resides at a private home in Indianapolis, Indiana.

DISCUSSION

The Plaintiff seeks injunctive relief as well as damages. But if a prisoner is released or transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred'" or returned to the first prison. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). Stringer has been released from custody and is no longer confined at any Indiana Department of Correction facility. This renders his requests for injunctive relief against Indiana Department of Correction officials moot. *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974); *Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990), *cert. denied* 501 U.S. 1208 (1991).

It is possible that Stringer could return to the Indiana Department of Correction at some point in the future if he violates parole or if he is convicted of other criminal charges. But the

mere possibility that he someday may return to the custody of the Indiana Department of Correction is insufficient to retain his injunctive relief claims. The standard to be applied here is whether he is "likely to be retransferred" or returned to custody, and there is no reasonable basis for this Court to conclude that Stringer is likely to return to the custody of the Indiana Department of Correction.

CONCLUSION

For the foregoing reasons, the Court, pursuant to Section 1915(e)(2)(B)(ii), **DISMISSES** the Plaintiff's injunctive relief claims as moot.

**DATED: September 16, 2009**     **/S/RUDY LOZANO, Judge**
                                        **United States District Court**